UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW MORGAN, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-5076** |
| **ALLSTATE INSURANCE COMPANY, NATIONAL FLOOD INSURANCE PROGRAM AND FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion for Summary Judgment (Doc. #21) is **GRANTED**, and plaintiff's claims against Allstate are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This matter is before the court a motion for summary judgment filed by defendant, Allstate Insurance Company, in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP"). Allstate argues that it is entitled to summary judgment on plaintiff's claim for a supplemental payment under his flood insurance policy because plaintiff, Matthew Morgan, III, did not submit a timely proof of loss supporting the supplemental claim.

Plaintiff owns a home located in LaPlace, Louisiana. In 2012, plaintiff maintained a flood insurance policy issued by Allstate as a WYO covering the property. On August 29, 2012, the property sustained flood damage as a result of Hurricane Isaac. Plaintiff informed Allstate of the losses.

On September 8, 2012, an insurance adjustor affiliated with Pilot Catastrophe Services inspected plaintiff's home on Allstate's behalf. On September 9, 2012, Allstate issued a $2,000 check

to plaintiff as an advanced payment under his building damage coverage. On September 26, 2012, plaintiff submitted a proof of loss to Allstate, which stated that his net amount claimed for building damages was $35,979.50. On September 27, 2012, Allstate issued a check in the amount of $33,979.50 to plaintiff for building damage coverage, thus paying the full amount claimed on plaintiff's proof of loss.

Plaintiff hired Michaelson & Messinger Insurance Specialists LLC, a public adjustor, to reinspect his property. On January 18, 2013, Daniel Onofrey, a public adjustor with Michaelson, submitted his report to Allstate on plaintiff's behalf. Onofrey estimated plaintiff's building damage loss to be $184,998.74. The cover letter asked Allstate to "set up a supplemental claim," but the report was not signed and sworn by plaintiff, and there was no accompanying proof of loss.

Thereafter, plaintiff filed this suit against Allstate alleging that he is owed more money under his building coverage for damage to his home caused by Hurricane Isaac. Allstate argues that it is entitled to summary judgment because plaintiff did not submit a timely, signed and sworn proof of loss to support a claim for payment over and above what it already paid.

## ANALYSIS

A.  **Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the

existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Proof of Loss**

Allstate argues that it is entitled to summary judgment on plaintiff's claim under the flood insurance policy because plaintiff failed to comply with the proof of loss requirement regarding his supplemental flood insurance claim.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129 (2006), and is administered through the FEMA. Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir.2005). FEMA sets the terms and conditions of all federal flood insurance policies, and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954. See also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[1] Wright I, 415 F.3d at 386; See also Gowland, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. See Forman, 138 F.3d at 545. Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Wright I, 415 F.3d at 388 (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 104 S.Ct. 2218, 2226 (1984)). Because the provisions of the SFIP are strictly enforced, "an insured's failure to provide a complete, sworn proof of loss statements, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Gowland, 143 F.3d at 953.

Under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), the SFIP provides the following proof of loss requirement:

> Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;

---

[1] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

[2] After Hurricane Isaac, FEMA extended the Proof of loss deadline to 240 days after the loss. See FEMA W-13014, dated March 19, 2013.

    b.  A brief explanation of how the loss happened;

    c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

    d.  Details of any other insurance that may cover the loss;

    e.  Changes in title or occupancy of the covered property during the term of the policy;

    f.  Specifications of damaged buildings and detailed repair estimates;

    g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

    h.  Details about who occupied any insured building at the time of the loss and for what purpose; and

    i.  The inventory of damaged personal property described in J.3. above.

It is undisputed that plaintiff submitted a signed, sworn proof of loss documents identified damages in the amount of $35,979.50, which is the amount Allstate paid on plaintiff's claim. Thereafter, plaintiff submitted Onofrey's January 18, 2013, estimate to Allstate, which was not signed and sworn by plaintiff, and plaintiff never submitted a proof of loss to Allstate to support the additional damages noted in Onofrey's report.

In <u>Dickson v. Am. Bankers Ins. co. of Fla.</u>, 739 F.3d 397, 400 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit held that:

> the proof of loss requirement is a regulator limit on the disbursement of funds through a federal insurance program; as such it is to be strictly construed [for it] serves as a condition precedent to recovery under the SFIP. [Thus], a signed and sworn proof of loss claims only the amounts listed in those forms, and the insured must timely file an additional proof of loss to claim any additional amount of money.

See also Kidd v. State Farm Fire & Cas. Co., 392 Fed. Appx. 241, 243-44 (5th Cir. 2010) (insured could not recover on a supplemental claim because they submitted a signed adjustor's estimate for a supplemental claim that was not sworn by them); Bechtel v. Lighthouse Prop. Ins. Co., 2014 WL 1389631, at * 3 (E.D. La. April 1, 2014) (Engelhardt, J.) (The great weight of authority holds that the insureds were required to submit a timely signed, sworn proof of loss to support a supplemental claim).

Plaintiff relies on Stogner v. Allstate Ins. Co., 2010 WL 148291 (E.D. La. 1/11/2010) (Berrigan, J.), to support his argument that he is not required to submit a proof of loss supporting a supplemental claim that disputes the amount of damage once he has submitted one proof of loss. As explained in Barnes v. Allstate Ins. Co., 2014 WL 1457696, at *3 (E.D. La. 4/4/2014) (Morgan, J.), Stogner is factually distinguishable:

> In Stogner, the plaintiff suffered flood losses in 2005 and 2008. 2010 WL 148291, at *1 (E.D. La. Jan. 11, 2010). When the plaintiff submitted a proof of loss for the 2008 incident, the insurer disputed the documentation regarding whether the 2005 damage had been repaired and therefore paid only $6,171, and the plaintiff later filed suit. See id. The Stogner court recognized that "it is clear that supplementary proofs of loss are required when a claimant requests *more* in the supplementary claim than in the original claim" See id. at *4; see also id. at *3 (emphasis added) (citing Sutor v. FEMA, 2009 WL 4268457, at *5 (E.D. Pa. Nov. 23, 2009) ("[P]olicyholders may not bring suit to recover any amount not claimed in a proof of loss.")). But the Stogner court denied summary judgment because it was not apparent from the record whether the lawsuit was for "the same amount" claimed in the 2008 proof of loss (but not paid in full), or if it was for more, which would require another proof of loss. See id. Stogner does not help Plaintiff because in this case there is no factual question as to whether Plaintiff's proofs of loss were paid in full, and thus, any claim asserted in this lawsuit necessarily is for amounts exceeding that claimed in the proofs of loss.

Therefore, because plaintiff did not submit a timely signed, sworn proof of loss to Allstate supporting his supplemental claim as stated in Onofrey's January 18, 2013, report, Allstate's motion for summary judgment is GRANTED, and plaintiff's claim against it is DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion for Summary Judgment (Doc. #21) is **GRANTED**, and plaintiff's claims against Allstate are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __14th__ day of July, 2014.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**